UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

UNITED STATES OF AMERICA, :

- against - :

MANUEL ALADINO SUERO,
Defendant :

---------------------------------------------------------------- X

**ORDER DENYING MOTION FOR MODIFICATION OF SENTENCE**

10 Cr. 00863 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant Mauel Aladino Suero ("Suero") is currently serving a 336-month sentence for murder in furtherance of a drug trafficking crime. Suero has filed multiple post-judgment motions including a Motion to Vacate Under Section 2255 (ECF No. 212), a Motion for a Reduction in Sentence Pursuant to 18 U.S.C. §3582(c)(2) (ECF No. 286), Motion for a Reduction in Sentence Pursuant to 18 U.S.C. §821 (ECF No. 287), and a Motion for Compassionate Release Pursuant to 18 U.S.C. §3582(c)(1)(A)(i) (ECF No. 343), all of which have either been withdrawn or I have denied. ECF Nos. 213, 291, 350. Suero now files this motion under 18 U.S.C. §3582(c)(1)(A) requesting I modify his sentence to retroactively add a term of supervised release. This motion is DENIED.

The First Step Act ("FSA") allows eligible inmates to earn credits which can be applied toward early release from custody into supervised release, for completing "evidence-based recidivism reduction programming or productive activities." 18 U.S.C. §§ 3632(d)(4)(C), 3624(g)(3). However, to earn these credits an inmate's sentence must include a term of supervised release, which is "ordinarily" not imposed where "the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G.§ 5D1.1(c).

At sentencing, I declined to give Mr. Suero a term of supervised release because he will be eligible for deportation at the end of his sentence. Sentencing Transcript at 12:21-23. Generally, I "may not modify a term of imprisonment once it has been imposed" unless I consider the Section 3553(a) factors and find that "extraordinary and compelling reasons warrant such a reduction" or modification of the defendant's sentence. 18 U.S.C. §3582(c). Courts in this District consistently hold that a defendant's desire to earn credits under the FSA alone does not constitute an extraordinary and compelling reason to modify their sentence by adding a term of supervised relief. *United States v. Anuebunwa*, No. 1:16-CR-575-MKV, 2025 WL 1224675 at *2 (S.D.N.Y. Apr. 28, 2025); *United States v. Salman*, No. 17-CR-630 (ER), 2026 WL 1707143 at *1 (S.D.N.Y. June 12, 2026); *United States v. Pina*, No. 01 CR. 619 (VM), 2023 WL 8759830 at *6 (S.D.N.Y. Dec. 19, 2023). Mr. Suero has failed to provide any reason to modify his sentence beyond his desire to earn FSA credits. *See* U.S.S.G. IBl.13(b) (listing instances that may constitute "extraordinary and compelling reasons," such as the defendant's medical condition, age, and family circumstances). Therefore, I lack the power to retroactively modify his sentence. *See* 18 U.S.C. 3582(b) ("[A] judgment of conviction that includes la sentence of imprisonment] constitutes a final judgment.").

Based on the foregoing, I deny Defendant Mauel Aladino Suero's motion to add a term of supervised release to his sentence. The Clerk of the Court shall terminate the pending motion at ECF No. 378 and mail a copy of this order to Mr. Suero by first class mail.

SO ORDERED.

Dated: September 29, 2026
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge